**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RIKEN PATEL,**

**Plaintiff,**

**v.**

**GENERAL MOTORS LLC,**
**MICHAEL SKEHAN, AND**
**KEVIN MCCABE,**

**Defendants.**

**Case No.: 22-cv-10742**

**Judge: Hon. Mark A. Goldsmith**

**DEMAND FOR JURY TRIAL**

---

**McTavish Law PLC**
**Attorneys for Plaintiff, Riken Patel**
**Christopher A. Chekan (P54969)**
**41000 Woodward Ave., Suite 350 East**
**Bloomfield Hills, MI 48304**
**T: (248) 289-7096**
**Email: chris@mctavishlaw.com**

**Ogletree, Deakins, Nash,**
**Smoak & Stewart, PLLC**
**Attorneys for Defendants**
**Donald C. Bulea (P84895)**
**34977 Woodward Ave., Ste.300**
**T: (248) 593-6400**
**Email: donald@ogletree.com**

# PLAINTIFF'S MOTION TO STRIKE

Pursuant to this Court's Order, issued and entered on 4 April 2022, I, Christopher A. Chekan, counsel for the Plaintiff, certify that I communicated in writing with Mr. Donald C. Bulea, counsel for the defendants, specifically in an email on 10 June 2022 at 7:21 a.m., in which email I explained to him the nature of the relief to be sought by motion, specifically to strike twenty-six of the

defendants' thirty-three affirmative defenses, and I sought his concurrence with that relief, which he expressly denied in two emails to me on 13 June 2022 at 4:48 p.m. and 4:49 p.m.

Accordingly, the Plaintiff files this Motion and within Brief to strike those twenty-six defenses because they are insufficient as a matter of law or spurious, or both, and striking them will streamline this litigation.

"LOCAL RULE CERTIFICATION: I, Christopher A. Chekan, counsel for the Plaintiff, certify that the Plaintiff's aforementioned Motion and Brief comply with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) of 14 point (for proportional fonts). I also certify that they are the appropriate length. Local Rule 7.1(d)(3)."

Dated: 29 June 2022

/s/ Christopher A. Chekan

**McTavish Law PLC**
**Attorneys for Plaintiff, Riken Patel**
**Christopher A. Chekan (P54969)**
**41000 Woodward Ave. Suite 350 East**
**Bloomfield Hills, MI 48304**
**T: (248) 289-7096**
**Email: chris@mavtavishlaw.com**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RIKEN PATEL,**

**Plaintiff,**

**v.**

**GENERAL MOTORS LLC,**
**MICHAEL SKEHAN, AND**
**KEVIN MCCABE,**

**Defendants.**

**Case No.: 22-cv-10742**

**Judge: Hon. Mark A. Goldsmith**

**DEMAND FOR JURY TRIAL**

---

**McTavish Law PLC**
**Attorneys for Plaintiff, Riken Patel**
**Christopher A. Chekan (P54969)**
**41000 Woodward Ave., Suite 350 East**
**Bloomfield Hills, MI 48304**
**T: (248) 289-7096**
**Email: chris@mctavishlaw.com**

**Ogletree, Deakins, Nash,**
**Smoak & Stewart, PLLC**
**Attorneys for Defendants**
**Donald C. Bulea (P84895)**
**34977 Woodward Ave., Ste.300**
**T: (248) 593-6400**
**Email: donald@ogletree.com**

## PLAINTIFF'S BRIEF FOR MOTION TO STRIKE

# ISSUE PRESENTED

Should this court strike certain affirmative defenses of the defendants?

The Plaintiff answers: Yes.

The defendants answer: No.

# CONTROLLING AUTHORITY

*Ford Motor Co. v. Transport Idem. Co*., 795 Fed. 2d. 538 (6th Cir. 1986)

## I. INTRODUCTION

The defendants have filed thirty-three affirmative defenses.

Their attorneys have certified to this court that those defenses are warranted by existing law and are not imposed for any improper purpose.

That is not true.

Twenty-six of those defenses are insufficient as a matter of law or spurious, or both, based on black letter Sixth Circuit and Michigan case law.

The Plaintiff gave the defendants two opportunities to consent to an order to dismiss, with prejudice, their meritless defenses or face a motion to strike them, but they refused each opportunity.

Consequently, the Plaintiff launched his within Motion to Strike those defenses.

Thus, this court should issue and enter an order that strikes those defenses and awards the Plaintiff his attorney's fees and costs for having to bring this Motion.

## II. PROCEDURAL BACKGROUND

On 7 April 2022, the Plaintiff filed his Complaint and Jury Demand.

On 10 May 2022, the defendants, Michael Skehan and Kevin McCabe, filed their Answer and thirty-three Affirmative Defenses to that Complaint and Jury Demand.

On 23 May 2022, the Plaintiff filed an Amended Complaint and Jury Demand that substituted the defendant, General Motors LLC, for the defendant, General Motors Company.

On 26 May 2022, counsel for the Plaintiff sent an email to counsel for Skehan and McCabe in which the former asked the latter to consent to an order to dismiss, with prejudice, twenty-seven of the thirty-three affirmative defenses or face a motion to strike them.

On 31 May 2022, counsel for Skehan and McCabe refused to consent to that order. He said that a motion to strike is without merit or legal support based on extensive case law from the Sixth Circuit.

The Plaintiff held-off in bringing a motion to strike until the defendants filed their answer to his Amended Complaint.

On 6 June 2022, the defendants filed their Answer and thirty-three Affirmative Defenses to the Amended Complaint.

Those thirty-three Affirmative Defenses are the same as Skehan and McCabe's earlier thirty-three Affirmative Defenses.

On 10 June 2022, counsel for the Plaintiff sent an email to counsel for the defendants, in which the former asked the latter to consent to an order to dismiss, with prejudice, twenty-six of the thirty-three affirmative defenses or face a motion to strike them.

On 13 June 2022, counsel for the defendants refused to consent to that order. He said a motion to strike is premature and unnecessary because discovery has not yet occurred.

Consequently, the Plaintiff filed his within Motion to Strike those baseless twenty-six defenses.

## III. THE LAW

A motion to strike an affirmative defense must be brought under Fed. R. Civ. P. 12(f).

That Rule reads, *inter alia*, as follows: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In *Swift v. City of Detroit*, 2012 U.S. Dist. LEXIS 1600 at *4-*5 (E.D. Mich. 6 January 2012), this court set-out the below standard for deciding a motion to strike an affirmative defense:

> A motion to strike an affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, as a matter of law, the defense cannot succeed under any circumstances.
>
> The motion also is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.
>
> Generally, however, a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits. (quotations and citations omitted).

In *Ford Motor Co. v. Transport Idem. Co.*, 795 F. 2d. 538, 546 (6th Cir. 1986), the United States Court of Appeals for the Sixth Circuit defined what is a true affirmative defense as follows:

> An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case; as such, they are derived from the common law plea of confession and avoidance. On the other hand, some defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c).
>
> In determining whether a defense is an affirmative one, the starting point should be the list of affirmative defenses in Rule 8(c). A defense analogous to or a derivative of one of the listed defenses should generally be deemed an affirmative defense. A second major consideration is the fairness of allowing the defendant to assert the defense; if permitting the defendant to interpose the defense will force the plaintiff to perform additional discovery or develop new legal theories, those considerations will militate heavily in favor of terming the defense affirmative. (quotations and citations omitted).

## IV. ARGUMENT

The defendants' affirmative defenses, Nos. 1-2, 4-12, 15-22, and 26-33, are insufficient as a matter of law or spurious, or both, and striking them will streamline this litigation.

> No.1: Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

This defense is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

This defense is a negative defense. It negates the elements of the Plaintiff's *prima facie* claims.

In *Santiago v. Gage*, 2019 U.S. Dist. LEXIS 88059 at *4-*5 (W.D. Wash. 24 May 2019) (quotation and citation omitted) that court, applying *Ford Motor Co., supra,* held that the defendants' affirmative defense of failure to state a claim upon which relief can be granted is not a true affirmative defense because it attempts to deny the elements of the plaintiff's §1983 claim, rather than establishing extraneous matters. The Santiago court did not say that holding turns on the nature of a plaintiff's claim.

There is no prejudice to the defendants in disallowing them the use of this defense because as a matter of law it cannot succeed under any circumstances, it is spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

> No. 2: Plaintiff's Complaint is barred, in whole or in part, by the applicable statute(s) of limitations.

Although this defense is listed as an affirmative defense under Rule 8(c)(1), it cannot succeed as a matter of law under any circumstances.

The statutes of limitations for the Plaintiff's claims under federal law for racial, color, and national origin discrimination and retaliation are three years and three hundred days: *Aslani v. Sparrow Health Sys.*, 2009 U.S. Dist. LEXIS 102142 at *16-*18 & n.7 (W.D. Mich. 3 November 2009) (42 USC §1981) (citations

omitted); *Logan v. MGM Grand Casino*, 939 F.3d. 824, 829 (6th Cir. 2019) (Title VII).

The statutes of limitations for the Plaintiff's claims under Michigan law for racial, color, and national origin discrimination and retaliation, and common law intentional torts of infliction of emotional distress, injurious falsehood, and false light invasion of privacy are all three years: *Lemmerman v. Fealk*, 449 Mich. 56, 64 (1995) (citations omitted) (intentional infliction of emotional distress); *Arent v. Hatch*, 133 Mich. App. 700, 705 (1984) (citations omitted) (false light invasion of privacy), lv. to app. den. 419 Mich. 939 (Sept. 28, 1984) & *Collins v. Comerica Bank*, 2002 Mich. App. LEXIS 666 at *6 & n. 5 (citations omitted) (false light invasion of privacy), rev'd on other grounds, 468 Mich. 628, 635 & n. 5 (2003); *Kollenberg v. Ramirez*, 127 Mich. App. 345, 353-55 (1983) (citations omitted) (injurious falsehood); *Magee v. Daimler Chrysler Corp.,* 472 Mich. 108, 109 & 113 (2005) (citation omitted) (Elliot-Larsen Civil Rights Act).

The Bullard-Plawecki right to know act has no limitation period. Nevertheless, the Plaintiff submits that it is 3 years. An employer's refusal to provide his employee with his personnel record deprives that person of property that he is entitled to. That is an injury to a person.

Accordingly, the Plaintiff submits that the Michigan three-year statute of limitations for injury to a person applies to violations of that act: MCLA § 600.5805(2).

All the Plaintiff's claims were filed before those statutes of limitations expired.

The gravamen of the Plaintiff's claims is the defendants, Skehan and McCabe's racist mid-year 2020 Performance Review of the Plaintiff. (Pl.'s Amended Compl. at ¶¶ 70-103, PAGE ID. 99-104).

The defendants' Answer admits that Skehan and McCabe, wholly or partially, made accusations in that Performance Review of the Plaintiff. (Defs.' Answer at ¶¶ 70-103, PAGE ID. 137-141).

The defendants' Answer admits that Skehan gave a copy of that Performance Review to the Plaintiff on or about August 2020. (Pl.'s Amend. Compl. at ¶ 69, PAGE ID. 99, & Defs.' Answer at ¶ 69, PAGE ID. 137).

Since the Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), on 6 May 2021, which is 279 days from 1 August 2020, the earliest date that Skehan admits that he gave a copy of the Plaintiff's aforementioned Performance Review to him, the Plaintiff has timely filed his Title VII claim within 300 days.

Moreover, the defendants' Answer admits that the defendant, GM's Response to the Plaintiff's EEOC Charge of Discrimination argued that Charge did not establish a *prima facie* claim of discrimination and retaliation and did not argue that the Plaintiff's Charge is untimely. (Pl.'s Amend. Compl. at ¶¶ 125-29, PAGE ID. 108 & Defs.' Answer at ¶¶ 125-29, PAGE ID. 145).

Since the Plaintiff filed his Complaint and Jury Demand on 7 April 2022, which is less than 2 years from 1 August 2020, the earliest date that Skehan admits that he gave a copy of the Plaintiff's aforementioned Performance Review to him, the Plaintiff has timely filed his federal and Michigan claims within 3 years.

There is no prejudice to the defendants in disallowing them the use of this defense because as a matter of law it cannot succeed under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

> No. 4: Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

Although this defense is not listed as an affirmative defense under Rule 8(c)(1), it is analogous to the affirmative defense of statute of limitations listed under that Rule.

Nevertheless, this defense is insufficient as a matter of law because it cannot succeed under any circumstances.

The only administrative remedy that the Plaintiff had to comply with in this case was that he had to timely file his Charge of Discrimination with the EEOC within 300 days of the earliest date that he was discriminated against.

As the Plaintiff has just demonstrated above under Defense No. 2, he did so. He filed his Charge on day 279. The defendant, GM, did not argue before the EEOC that the Plaintiff's Charge is untimely.

There is no prejudice to the defendants in disallowing them the use of this defense because as a matter of law it cannot succeed under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

> No. 5: Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of unclean hands, estoppel, laches, and/or waiver are applicable to the facts of this case.

A. Unclean Hands and Laches

Although these doctrines are listed as affirmative defenses under Rule 8(c)(1), they are insufficient as a matter of law because they cannot succeed under any circumstances regarding the Plaintiff's claims at law.

The doctrines of unclean hands and laches apply only to equitable remedies and not to claims at law: *Allstate Ins. Co. v. Everest Nat'l Ins. Co.,* 2018 U.S. Dist. LEXIS 138436 at *16 (E.D. Mich. 16 August 2018) (quotations and citations

omitted) & *McKeon Prods. v. Howard S. Leight & Assocs.*, 15 F. 4th 736, 741 (6th Cir. 2021) (citation omitted).

The only equitable remedy the Plaintiff's Amended Complaint seeks is specific performance, namely, front pay and back pay, from the defendant, GM.

Therefore, the doctrines of unclean hands and laches are irrelevant to the claims at law in the Plaintiff's Amended Complaint.

B. Equitable Estoppel

Estoppel, which includes equitable estoppel, is listed as an affirmative defense under Rule 8(c)(1).

Nevertheless, the doctrine of equitable estoppel is insufficient as a matter of law because it cannot succeed under any circumstances.

"It is essential to the application of the principle of equitable estoppel that the party claiming to have been influenced by the conduct or declarations of another, to his injury, was himself not only destitute of knowledge of the state of the facts, but was also destitute of any convenient and available means of acquiring such knowledge; and, where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel." *In re Kehrberg*, 628 B.R. 535, 544 (E.D. Mich. 2021) (quotations and citations omitted).

According to the Plaintiff's Amended Complaint, the gravamen of his claims is the defendants, Skehan and McCabe's racist mid-year 2020 Performance Review of the Plaintiff. (Pl.'s Amended Compl. at ¶¶ 70-103, PAGE ID. 99-104).

The defendants' Answer admits that Skehan and McCabe, wholly or partially, made the accusations in that Performance Review against the Plaintiff. (Defs.' Answer at ¶¶ 70-103, PAGE ID. 137-141).

Therefore, the defendants are knowledgeable of the facts of the Plaintiff's claims against them, and they know whether those facts are true or false and are racist or not racist because Skehan and McCabe made them.

C. Waiver

Although this doctrine is listed as an affirmative defense under Rule 8(c)(1), it is insufficient as a matter of law because it cannot succeed under any circumstances.

"…[W]aiver is the intentional relinquishment or abandonment of a known right." *PolyOne Corp. v. Westlake Vinyls, Inc.*, 937 F. 3d 692, 697 (6th Cir. 2019) (quotation and citation omitted).

To the extent that the defendants assert that the Plaintiff's claims in his Amended Complaint are barred by the doctrine of waiver, that assertion is meritless because, as the Plaintiff has demonstrated above under Defense No. 2, all his claims were filed within their applicable statute of limitations.

There is no prejudice to the defendants in disallowing them the use of these doctrines because as a matter of law they cannot succeed under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding them. Therefore, striking them will streamline this litigation.

No. 6: Plaintiff's claims are barred, in whole or in part, because the alleged protected activity in which the Plaintiff engaged was not the cause of an adverse employment decision or action.

No.7: Plaintiff's claims are barred because he did not suffer an adverse employment action.

No. 8: Plaintiff's damages, if any, were caused by his own conduct.

No. 20: Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

None of these defenses is listed as an affirmative defense under Rule 8(c)(1), and none of them is analogous to, or derivative of, an affirmative defense listed under that Rule.

They are negative defenses. Each one negates an element of a *prima facie* claim of the Plaintiff.

No. 6 negates elements of a *prima facie* claim of retaliation under federal and Michigan law, specifically, the elements the alleged protected activity is the cause of an adverse employment action: *Johnson v. City of Flint*, 2010 U.S. Dist. LEXIS 47029 at *30 (E.D. Mich. 13 May 2010) (citation omitted) (holding a *prima facie* claim of retaliation under federal and Michigan law includes the

elements the plaintiff was engaged in a protected activity and the defendant thereafter took an adverse employment action against the plaintiff).

No. 7 negates an element of a *prima facie* claim for employment discrimination under federal and Michigan law, specifically, the element the plaintiff did not suffer an adverse employment action: *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) (citations omitted) (holding a *prima facie* claim for employment discrimination under federal and Michigan law includes the element the plaintiff suffered an adverse employment decision).

Nos. 8 and 20 negate elements of Plaintiff's *prima facie* claims, specifically, his claims and damages are barred by his own conduct. In *Santiago*, 2019 U.S. Dist. LEXIS at *4-*5, that court, applying *Ford Motor Co.*, *supra*, held the affirmative defense that Santiago is at fault for her own injuries or damages is not a true affirmative defense because it attempts to negate elements of Santiago's §1983 claim. The *Santiago* court did not say that holding turns on the nature of a plaintiff's claim.

There is no prejudice to the defendants in disallowing them the use of these defenses because as a matter of law they cannot succeed under any circumstances, they are spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding them. Therefore, striking them will streamline this litigation.

No. 9: Plaintiff's claims are barred, in whole or in part, because Plaintiff was an "at-will" employee.

This doctrine is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

The doctrine of at-will employment applies only to a claim for breach of employment contract. It does not apply to a statutory claim of employment discrimination or retaliation under federal or Michigan law: *Smith v. Town & Country Props. II*, 2021 Mich. App. LEXIS 4995 at *15-*17 (19 August 2021) (citation omitted).

The Plaintiff's Amended Complaint does not plead a claim for breach of employment contract under Michigan law.

Therefore, the doctrine of at-will employment is irrelevant to the Plaintiff's Amended Complaint.

There is no prejudice to the defendants in disallowing them the use of this doctrine because as a matter of law it cannot succeed under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

No. 10: Some or all of Plaintiff's damages may be barred by the doctrine of after-acquired evidence.

This doctrine is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

The doctrine of after-acquired evidence applies only to a plaintiff's equitable remedies for front pay and reinstatement, and back pay is limited: *Starnes v. JLQ Auto. Servs. Co.*, 442 F. Supp. 2d 416, 428 (E.D. Mich. 2006) (internal quotation and citation omitted).

Therefore, this doctrine is irrelevant to the Plaintiff's claims at law in his Amended Complaint.

There is no prejudice to the defendants in disallowing them the use of this doctrine because as a matter of law it cannot succeed under any circumstances regarding the Plaintiff's claims at law and the Plaintiff does not have to perform discovery or develop new legal theories regarding this doctrine and those claims. Therefore, striking this doctrine will streamline this litigation.

No. 11: Plaintiff cannot demonstrate that Defendants acted intentionally, deliberately, willfully or with malice, disregard, or reckless indifference to Plaintiff's rights and has failed to sufficiently plead facts supporting any claims.

No. 12: Plaintiff's claims are barred because Defendants did not engage in any extreme or outrageous behavior towards Plaintiff.

None of these defenses is listed as an affirmative defense under Rule 8(c)(1), and none of them is analogous to, or derivative of, an affirmative defense listed under that Rule.

They are negative defenses. Each one negates an element of a *prima facie* claim of the Plaintiff.

No. 11 negates an element of a *prima facie* claim for injurious falsehood under Michigan law, specifically, intent: *Neshewat v. Salem,* 173 F.3d 357, 364 (6th Cir. 1999) (citations omitted) (holding the element of intent of a *prima facie* claim for injurious falsehood under Michigan law is the defendant published a false statement to a third party knowing it was false or acting in reckless disregard for its truth or falsity).

No. 12 negates an element of a *prima facie* claim for intentional infliction of emotional distress under Michigan law, specifically, extreme and outrageous conduct by the defendant: *Postell-Russell v. Inmont Corp*., 69 F. Supp. 1, 5 & n.2 (quotation and citations omitted) (holding extreme and outrageous conduct by the defendant is an element of a *prima facie* claim for intentional infliction of emotional distress under Michigan law).

There is no prejudice to the defendants in disallowing them the use of these defenses because as a matter of law they cannot succeed under any circumstances, they are spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding these defenses. Therefore, striking them will streamline this litigation.

No.16: Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

This defense is not listed as an affirmative defense under Rule 8(c)(1), and

is not analogous to, or derivative of, an affirmative defense listed under that Rule.

This defense is known as the *Ellerth/Faragher* defense. It belongs, however, to the employer and not the supervisor of an employee. *Collette v. Stein-Mart,* 126 Fed. Appx. 678, 682 (6th Cir. 8 February 2005) (quotations and citations omitted).

Therefore, this defense cannot be invoked by the defendants, Skehan and McCabe, who were supervisors of the Plaintiff while he was employed with the defendant, GM. The defendants' Answer admits that Skehan was the Plaintiff's Manager at GM. The defendants' Answer admits that the Plaintiff worked in a group at GM that McCabe led at certain times. The defendant's Answer admits that McCabe supervised the Plaintiff's Manager at GM. The defendants' Answer admits that Skehan and McCabe directed the Plaintiff's work and they told him what to work on at GM from time to time. (Pl's. Amend. Compl. at ¶¶ 39, 53, 56 & 67, PAGE ID. 95-97, 99, & Defs.' Answer at ¶¶ 39, 53, 56 & 67, PAGE ID. 133, 135, 137).

There is no prejudice to Skehan and McCabe in disallowing them the use of this defense because as a matter of law they cannot invoke it under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding it and Skehan and McCabe. Therefore, striking it will streamline this litigation.

No. 17: Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to inform Defendants of any harassing, discriminatory. [sic] [,] or retaliatory behavior.

No. 18: To the extent Plaintiff complained adequately of allegedly unlawful discriminatory or retaliatory actions, Defendants undertook a prompt investigation and made an appropriate remedial response.

No. 19: The proximate cause of any injury or damages to Plaintiff, if any such injury or damage exist, was not the action of Defendants.

No. 21: There is no causal connection between any alleged protected activity and any allegedly adverse employment action taken with respect to Plaintiff.

None is listed as an affirmative defense under Rule 8(c)(1), and none is analogous to, or derivative of, an affirmative defense listed under that Rule.

Regarding No. 17, a plaintiff does not have a legal duty under federal or Michigan law to first inform a defendant that it has harassed, discriminated, or retaliated against him in order to bring a claim for racial, color, or national origin discrimination and retaliation under those laws.

Neither federal nor Michigan law impose such a legal duty: *White*, 533 F.3d at 391-92 & *Johnson,* 2010 U.S. Dist. LEXIS 47029 at *30.

Regarding No. 18, it is not a defense at law to a claim of racial, color, or national origin discrimination and retaliation under federal or Michigan law: *White, supra* & *Johnson, supra*.

Regarding No. 19, it is a negative defense. It negates an element of Plaintiff's *prima facie* claims, specifically, proximate cause: *Santiago*, 2019 U.S.

Dist. LEXIS 88059 at *4-*5; *White, supra*; *Johnson, supra*; *Neshewat*, 173 F.3d at 364; *Postell-Russell,* 691 F. Supp. at 5; *Derderian,* 263 Mich. App. at 386; & *Little v. Amerihealth Caritas Servs. LLC*, 2021 U.S. Dist. LEXIS 217225 at *36 (E.D. Mich. 10 Nov. 2021).

Regarding No. 21, it too is a negative defense. It negates an element of Plaintiff's *prima facie* claim of retaliation under federal and Michigan law, specifically, the element of a causal connection between the protected activity and the adverse employment action: *Johnson, supra*.

There is no prejudice to the defendants in disallowing them the use of these defenses because as a matter of law they cannot succeed under any circumstances, they are spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding these defenses. Therefore, striking them will streamline this litigation.

No. 22: Plaintiff's "false light invasion of privacy" and injurious falsehoods" claims are barred because any alleged false or defamatory statements made by Defendants were subject to an absolute privilege and/or qualified privilege, and such privilege was not exceeded or abused by Defendants.

The doctrine of absolute privilege is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

"The doctrine of absolute privilege is narrow and applies only to communications regarding matters of public concern. The absolute privilege has

generally been applied to communications made during legislative and judicial proceedings and to communications by military and naval officers. The doctrine was extended to communications made by a public official in furtherance of an official duty during proceedings of subordinate legislative and quasi-legislative bodies." *Kefgen v. Davidson*, 241 Mich. App. 611, 618-19 (2000) (citations omitted).

Assuming *arguendo* that the doctrine of absolute privilege applies to claims of injurious falsehood and false light invasion of privacy under Michigan law, that doctrine does not apply here because the communication at issue here, namely the defendants, Skehan and McCabe's racist mid-year 2020 Performance Review of the Plaintiff, is not a communication concerning a legislative or judicial proceeding, between or among military or naval officers, or by a public official in furtherance of an official duty during a subordinate legislative or quasi-legislative proceeding.

There is no prejudice to the defendants in disallowing them the use of the doctrine of absolute privilege because as a matter of law it cannot succeed under any circumstances and the Plaintiff does not have to perform discovery or develop new legal theories regarding that doctrine. Therefore, striking it will streamline this litigation.

No. 26: Any alleged statements made by Defendants were not false and were not defamatory.

No. 27: Any alleged false or defamatory statements made by Defendants were not published, or if published, were not published with actual or implied malice.

No. 28: Any alleged false or defamatory statements made by Defendants are not actionable because they were merely expressions of opinion, not statements of fact.

No. 29: Any alleged false or defamatory statements made by an agent of General Motors LLC to another agent of General Motors LLC were not published to a third party.

No. 30: Any statements made by Defendants were constitutionally protected by the First Amendment to the U.S. Constitution and by the Constitution of Michigan.

None of these defenses is listed as an affirmative defense under Rule 8(c)(1), and none is analogous to, or derivative of, an affirmative defense listed under that Rule.

Regarding No. 26, it is a negative defense. It negates an element of a *prima facie* claim for injurious falsehood and false light invasion of privacy under Michigan law, specifically, the statement is false: *Adamo Demolition Co. v. Int'l Union of Operating Eng'rs Local 150, AFL-CIO,* 3 F.4th 866, 875 (6th Cir. 2021) (citation omitted) (holding an element of a *prima facie* claim for injurious falsehood under Michigan law is the statement is false); *Derderian,* 263 Mich. App. at 385 (holding an element of a *prima facie* claim for false light invasion of privacy under Michigan law is a false statement).

Regarding Nos. 27 and 29, they too are negative defenses. Each one negates an element of a *prima facie* claim for injurious falsehood and false light invasion of privacy under Michigan law, specifically, publication of a false statement: *Adamo Demolition Co., supra* (holding an element of a *prima facie* claim for injurious falsehood under Michigan law is publication of a false statement); *Derderian, supra* (holding an element of a *prima facie* claim for false light invasion of privacy under Michigan law is publication of a false statement).

Regarding Nos. 28 and 30, they are wrong in law. Contrary to those two defenses, not all opinions are protected by the First Amendment to the U.S. and Michigan Constitutions. Only pure opinions are protected by those Amendments and are not actionable. Conversely, mixed opinions are not so protected and are actionable: *Falls v. Sporting News Pub. Co.,* 834 F. 2d 611, 615-17 (6th Cir. 1987) (quotations and citations omitted); *Epicurean Devs. LLC v. Summit Twp.*, 2017 Mich. App. LEXIS 342 at *40 & n. 11 (February 28, 2017) (citations omitted) (holding the First Amendment to the federal Constitution and the Michigan Constitution are coterminous).

There is no prejudice to the defendants in disallowing them the use of these defenses because as a matter of law they cannot succeed under any circumstances, they are spurious, and the Plaintiff does not have to perform discovery or develop

new legal theories regarding these defenses. Therefore, striking them will streamline this litigation.

No. 31: Plaintiff's claims are barred, in whole or in part, by the same actor and/or same decision-maker defense.

This defense is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

In fact, it is not a defense. It is an inference: *Buhrmaster v. Overnite Transp. Co.,* 61 F.3d. 461, 463 (6th Cir. 1995). The inference applies only where the hirer and firer are the same person: *Id.* (citation omitted). The hirer and firer of the Plaintiff are not the same person in this case. The defendants, Skehan and McCabe, did not hire and fire the Plaintiff. The defendants' Answer admits that. The Plaintiff began his employment with the defendant, GM, on 21 May 2018. Jason Hensler was the Plaintiff's supervisor from that date to November 2019. The defendant, McCabe, supervised Hensler from time to time. Skehan replaced Hensler as the Plaintiff's supervisor in November 2019. Skehan and McCabe wrote the racist mid-year 2020 Performance Review of the Plaintiff that de facto fired the Plaintiff. (Pl's. Amend. Compl. at ¶¶ 34, 36, 53, 70-72, 74-75, & 116, PAGE ID. 94, 96, 99-100, 106, & Defs.'Answer at ¶¶ 34, 36, 53, 70-72, 74-75, & 116, PAGE ID. 133, 135, 137, 143).

Therefore, the inference does not apply here because Skehan and McCabe did not hire and fire the Plaintiff.

There is no prejudice to the defendants in disallowing them the use of the inference because as a matter of law it cannot succeed under any circumstances, it is spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

No. 33: Defendants reserve the right to amend these affirmative defenses or to assert additional affirmative defenses in the course of this litigation.

This defense is not listed as an affirmative defense under Rule 8(c)(1), and is not analogous to, or derivative of, an affirmative defense listed under that Rule.

In *Paducah River Painting, Inc. v. McNational Inc*., 2011 U.S. Dist. LEXIS 131291 at *13-*14 (W.D. Ky. 14 Nov. 2011) (citations and quotations omitted), that court held the defendants' fifth affirmative defense that reserved "… the right to add any additional affirmative defenses that may become evident during the course of discovery in the case" is not an affirmative defense listed under Rule 8(c)(1) and subverts Rule 15, which allows a party to move to amend a responsive pleading. Accordingly, that court struck that affirmative defense. This Court recently followed *Paducah, supra* in *Mockeridge v. Alcona Cnty.,* 2022 U.S. Dist. LEXIS 70704 (E.D. Mich. 18 April 2022) at *12 (quotations and citations omitted).

There is no prejudice to the defendants in disallowing them the use of this defense because as a matter of law it cannot succeed under any circumstances, it is

spurious, and the Plaintiff does not have to perform discovery or develop new legal theories regarding it. Therefore, striking it will streamline this litigation.

## V. CONCLUSION

The defendants' above twenty-six affirmative defenses are baseless based on black letter Sixth Circuit and Michigan case law. In opposing this Motion, defendants' counsel said it is meritless based on extensive Sixth Circuit case law and it is premature because discovery has not yet occurred. His arguments reflect an ignorance of Sixth Circuit and Michigan case law. The only reasonable inference that can be drawn from his arguments is that he did not research that case law before he filed those defenses and twice opposed the Plaintiff's Motion to Strike them. Presumably, the defendants instructed their counsel to take those actions. Thus, the defendants and their counsel should be jointly and severally liable for the Plaintiff's attorney's fees and costs in having to bring his Motion to Strike.

Dated: 29 June 2022

/s/ Christopher A. Chekan

**McTavish Law PLC**
**Attorneys for Plaintiff, Riken Patel**
**Christopher A. Chekan (P54969)**
**41000 Woodward Ave. Suite 350 East**
**Bloomfield Hills, MI 48304**
**T: (248) 289-7096**
**Email: chris@mavtavishlaw.com**

# CERTIFICATE OF SERVICE

I, Christopher A. Chekan, counsel for the Plaintiff, hereby certify that on 29 June 2022 I electronically filed the Plaintiff's Motion to Strike, with supporting Brief, with the Clerk of the Court pursuant to the ECF system, which will provide that Motion and Brief to counsel for the defendants.

/s/ Christopher A. Chekan

**McTavish Law PLC**
**Attorneys for Plaintiff, Riken Patel**
**Christopher A. Chekan (P54969)**
**41000 Woodward Ave., Suite 350 East**
**Bloomfield Hills, MI 48304**
**T: (248) 289-7096**
**Email:** chris@mctavishlaw.com