UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

RIKEN PATEL,

        Plaintiff,

v.

GENERAL MOTORS COMPANY, et al.,

        Defendants.
_____/

Case No. 22-cv-10742

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 54)

Before the Court is Plaintiff Riken Patel's motion for reconsideration (Dkt. 54) of this Court's December 2, 2022 order granting Defendants' motion to quash subpoenas issued by Patel and prohibiting the personal service of future subpoenas on named parties and current GM employees (Dkt. 49). For the reasons that follow, the Court denies Patel's motion.[1]

### I. BACKGROUND

Patel brings this employment discrimination suit against GM and two GM employees: Michael Skehan and Kevin McCabe. Defendants moved to challenge Patel's service of subpoenas duces tecum on Skehan and two other GM employees—Michael Goodrich and Ahmed Subashi—which were delivered personally to the deponents rather than served on counsel for Defendants. See Mot. to Quash (Dkt. 37). Defendants requested that the Court quash those subpoenas and issue an order prohibiting Patel from serving any additional subpoenas on named parties and current GM employees. Id. at 5. Patel elected not to file a response by his deadline of November 18, 2022. See 12/2/22 Order. Finding that

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Defendants' response (Dkt. 61) and Patel's reply (Dkt. 68).

Defendants' unopposed motion was "well-supported for the reasons stated in Defendants' motion and brief," the Court granted Defendants their requested relief. See id. Patel now seeks reconsideration of the Court's order.

## II. ANALYSIS

Motions for reconsideration may be brought on three grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)–(C).

Patel presents three arguments for reconsideration: (i) Defendants agreed with Patel off-the-record to resolve and withdraw their motion, as Goodrich and Subashi did not oppose responding to Patel's subpoenas; (ii) the Court erred by quashing the subpoenas served to Skehan under Rule 45; and (iii) the Court erred by prohibiting the personal service of subpoenas on parties and GM employees. None of these grounds has merit.

### A. Alleged Off-the-Record Resolution of Motion

Patel first argues that the Court's grant of Defendants' motion was "manifestly unjust" and "based on a fundamental mistake, namely, that Messrs. Subashi and Goodrich and the defendants opposed the Plaintiffs' subpoenas duces tecum to Messrs. Subashi and Goldsmith [sic]."[2] Br. in Supp. Mot. Recons. at 6–7. Patel submits that, "before the deadline had passed for the Plaintiff to file a response," the parties reached an agreement effectively mooting Defendants' motion; counsel for Defendants informed Patel's counsel that he would withdraw the pending motion and that Subashi and Goodrich would respond to the

---

[2] Though Patel refers twice to "Subashi and Goldsmith," the Court understands that he means Subashi and Goodrich, not Subashi and the undersigned.

2

subpoenas. Id. Patel submits documentation showing that Subashi and Goodrich responded to Patel's subpoenas by confirming that they did not personally have documents responsive to Patel's requests. See Ex. to Mot. Recons. at PageID1180, 1182 (Dkt. 54-1);[3] see also Reply in Supp. Mot. Recons. at 5–6. In Patel's view, the defense "misle[]d this Court into believing that the defendants' Motion to Quash was still a live matter." Br. in Supp. Mot. Recons. at 7.

Defendants, conversely, represent that their motion still required the Court's adjudication at the time of Patel's response deadline because "there was no agreement reached as to the relief sought by Defendants." Br. in Supp. Resp. to Mot. Recons. at 1. In their view, "no agreement was reached on what exactly Plaintiff was seeking from Goodrich or Subashi," and "there was never an agreement on Defendants' request for an Order to prohibit Plaintiff from serving subpoenas on named parties and current GM employees." Id. at 3.

To the extent that Patel argues that the Court's grant of Defendants' motion constituted a mistake based on the record before the Court under Local Rule 7.1(h)(2)(A), Patel's argument is meritless. The Court had no knowledge of the parties' behind-the-scenes discussion about Defendants' pending motion. "[B]ased on the record and law before the court at the time of its prior decision," it was no "mistake" for the Court to adjudicate Defendants' pending motion. E.D. Mich. LR 7.1(h)(2)(A).

Patel also has not revealed "new facts" that "could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(C). All the relevant facts asserted in his present briefing were known to Patel when his deadline to file a response passed on November 18, 2022. Patel could have moved for an extension or apprised the Court that the parties were nearing an agreement on the pending motion. But he did not do so—nor did he update the Court in the 14 days between his response deadline and issuance of

---

[3] Patel includes all exhibits in support of his motion for reconsideration in a single filing (Dkt. 54-1).

the Court's order on December 2, during which time the motion remained pending on the docket. Instead, Patel relied on alleged off-the-record representations made by Defendants that they would withdraw their motion and took no action as weeks passed without an official resolution. This is not a proper basis for reconsideration.

Nor does the record indicate any foul play by Defendants that would support Patel's argument that the Court's decision resulted in "manifest injustice."[4] The emails between the parties' attorneys cited by Patel demonstrate that Defendants' position is correct: the parties did not come to a final resolution on the relief requested in Defendants' motion. These emails indicate that the parties may have been approaching an agreement; counsel for Defendants stated on November 10, "I think we can come to agreement as to the subpoenas but with some slightly modified terms," Ex. to Mot. for Recons. at PageID.1172; and he stated on November 11, "we can file a notice to withdraw [the motion to quash] at the appropriate time," id. at PageID.1176.

However, the same email that referenced a potential withdrawal makes clear that Defendants' attorney planned to further "review" Patel's attorney's emails and documents while negotiations continued. Id. Subsequent emails demonstrate that the parties remained at odds over issues including Patel's right to continue serving GM employees personally. See id. at PageID.1178, 1180. Further, even if the parties reached a partial compromise by which Defendants chose to respond to Patel's subpoenas, this fact does not nullify the request for relief that remained pending and ready for the Court's adjudication.

It was not a mistake or an instance of manifest injustice for the Court to grant Defendants' unopposed motion while the parties discussed a compromise off the record.

---

[4] Patel argues that a Court can grant a motion for reconsideration based on "manifest injustice." Br. in Supp. Mot. for Recons. at 5–7 (citing DirecTV, Inc. v. Karpinsky, 274 F. Supp. 2d 918, 920 (E.D. Mich. 2003)). However, the case on which Patel relies was decided prior to updates to the district's local rules, which allow for reconsideration "only" on the grounds identified above. E.D. Mich. LR 7.1(h)(2) (emphasis in original). Regardless, for the reasons discussed, there is no manifest injustice here.

4

Counsel's apparent belief that discussions of a withdrawal "at the appropriate time" relieved him of the obligation to respond to a pending motion was his own mistake, not the Court's.

### B. Service of Rule 45 Subpoena on Party

Patel next argues that the decision was "wrong in law"—i.e., a "mistake . . . based on the . . . law before the court at the time of its prior decision," E.D. Mich. LR 7.1(h)(2)(A)—for the Court to quash the subpoenas served on Skehan under Rule 45. See Br. in Supp. Mot. for Recons. at 7–11. He argues that the "plain language" of Rules 30(a)(1) and 45(c)(1) allowed him to serve Rule 45 subpoenas on Defendants. See id. at 8–10 (citing Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party . . . . The deponent's attendance may be compelled by subpoena under Rule 45."); Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition . . . .")).

As Defendants correctly observe, however, see Br. in Supp. Resp. to Mot. Recons. at 3, there is authority in this district finding that "[a] Rule 45 subpoena is an improper means of seeking discovery from a party." Hunter v. Holmes, No. 20-10534, 2022 WL 16575426, at *1 (E.D. Mich. Nov. 1, 2022) (denying motion to strike objections to Rule 45 subpoena served on party, explaining that Rule 45 "governs third-party subpoenas" and allows parties to "command a nonparty to, among other things, produce documents") (emphasis in original).

Patel cites two cases indicating that there may be circumstances where a party can properly issue a Rule 45 subpoena to a party. See Reply at 3–4 (citing United States v. 2121 Celeste Rd. SW, Albuquerque, N.M., 307 F.R.D. 572, 587–588 (D.N.M. 2015) (finding that "a party can use a subpoena under rule 45 to obtain discovery from another party" and noting that "federal district courts are split" on this question); Stokes v. Xerox Corp., No. 05-cv-71683, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006) (noting that "leading treatises" agree that parties may be subject to Rule 45 subpoenas in some circumstances but finding

5

that "a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party"). However, these non-binding authorities do not mandate that parties are subject to Rule 45 subpoenas no matter the issue presented. Patel had the opportunity to argue that a Rule 45 subpoena was proper in this case, but he declined to respond to Defendants' motion. This Court's decision to quash the Rule 45 subpoena issued to Skehan in this case based on its review of Defendants' unopposed motion was not an error in law. See, e.g., Hunter, 2022 WL 16575426, at *1.

### C. Personal Service on Parties and GM Employees

There is also no merit to Patel's additional arguments that the Court erred by disallowing the use of personal service for future subpoenas to parties or GM employees. Patel submits that he "cannot accomplish" his goal of "call[ing] those parties and employees in his case-in-chief" unless he can "issu[e] subpoenas to them." Br. in Supp. Mot. Recons. at 10. He further states that, if these individuals "are not subject to a subpoena, they do not have to show-up [sic] at trial." Id.

These assertions are false. This Court's order that Patel go through counsel does not impact the substance of the information he can seek from Defendants and GM employees, but only the process by which he obtains that information. See 12/2/22 Order. Patel will be able to seek all appropriate discovery by working with opposing counsel.

Patel also asserts that "Plaintiff did not consent to that prohibition" on personal subpoenas, id. at 11; however, Patel had the opportunity to contest Defendants' request on this ground, and he chose not to present an argument.

Patel has identified no meritorious basis for the Court to reconsider its decision quashing Patel's subpoenas and issuing an order prohibiting Patel from serving any additional subpoenas on named parties and current GM employees.

## III.  CONCLUSION

For the reasons explained above, the Court denies Patel's motion for reconsideration (Dkt. 54).

SO ORDERED.

Dated:  June 13, 2023
     Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge